NEUFELD *v.* NEUFELD.

*(Circuit Court, S. D. California. February 2, 1889.)*

ATTACHMENT—IN FEDERAL COURTS—INSOLVENCY PROCEEDINGS IN STATE COURT.
 Under Rev. St. U. S. § 915, entitling plaintiff in a common-law case in a federal court to remedies by attachment or other process similar to those provided by the laws of the state in which the court is held, and requiring similar preliminary proof and security; and section 933. which provides that an attachment shall be dissolved on any contingency on which an attachment would be dissolved in the state courts;—proceedings in an action in which an attach-

ment has been levied will be stayed where insolvency proceedings against the debtor are instituted in the state courts. as otherwise the plaintiff would acquire an undue advantage over the state creditors, which is contrary to the intent of the statute.

At Law. On petition for stay of proceedings.
*Graves, O'Melveny & Shankland,* for petitioners.
*Wells, Guthrie & Lee,* for plaintiff.

Ross, J. The plaintiff, Nathan Neufeld, a citizen of the state of Illinois, commenced in this court, on the 31st of December last, an action at law against the defendant, Julius Neufeld, who is a citizen of the state of California, to recover a certain amount of money alleged to be due the plaintiff from defendant, in which action an attachment was duly issued, and levied by the marshal on property of the defendant situated in Los Angeles county. A few days after the commencement of the action, to-wit, January 7th, the requisite number of the California creditors of the defendant instituted insolvency proceedings against him in one of the superior courts of the state, and, in pursuance of the state statute regulating such matters, the superior court made an order directing, among other things, that no creditor whose debt is provable under the insolvency act of the state be allowed to prosecute to final judgment any action therefor against the alleged insolvent until the question of his discharge shall be finally determined, and that any and all such suits and proceedings be stayed until the further order of the said superior court.

Conceding that such order does not operate to stay or otherwise affect the action here, the counsel for the creditors in the insolvency proceedings, have, with leave of this court, filed a petition in intervention, in which is set out in full the proceedings had in the insolvency court, and which further shows that the debts and demands of the petitioners, who are residents of the state of California, accrued in said state, for goods sold to defendant, to be employed by him as stock in trade in his business; that the debt upon which the plaintiff's action is based is a debt also provable under the state law by virtue of which the insolvency proceedings are had, and that the defendant has no defense to this action, but will suffer his default herein to be entered, and thereafter judgment to be taken against him. Petitioners therefore ask that this court stay further proceedings for the enforcement of plaintiff's demand, until the state insolvency court shall have adjudicated the question of defendant's alleged insolvency, or until the further order of this court.

At the hearing of the petition the facts upon which it is based were not controverted. As already observed, counsel for petitioners do not dispute the proposition, too well established to require argument, that the right of the plaintiff to prosecute his action in this court having attached prior to the commencement of the insolvency proceedings, that right cannot be arrested, taken away, or impaired by any action of the state court. It is the action of this court that petitioners seek, and that in the interest of justice. It was not the purpose, I think, of the provisions of the Revised Statutes of the United States upon the subject of attachments

in common-law causes in the circuit and district courts, to give to the non-resident creditor any unfair advantage over the resident creditor. On the contrary, it seems to me to be plain that the purpose was to give to the non-resident, who might sue in the federal courts, the same rights, but no more, in respect to attachment, as are enjoyed by the resident creditor, who must sue in the state court. And this, I think, is manifest from the provisions themselves, which are as follows:

"Sec. 915. In common-law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof; and such circuit or district courts may, from time to time, by general rules, adopt such state laws as may be in force in the states where they are held in relation to attachments and other process; provided, that similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other process."

"Sec. 933. An attachment of property upon process instituted in any court of the United States, to satisfy such judgment as may be recovered by the plaintiff therein, except in the cases mentioned in the preceding nine sections, [within which the present case does not come,] shall be dissolved when any contingency occurs by which, according to the laws of the state where said court is held, such attachment would be dissolved upon like process instituted in the courts of said state: provided, that nothing herein contained shall interfere with any priority of the United States in the payment of debts."

There can be derived from this language of the statute no intent to confer upon the non-resident creditor any other or greater rights than are enjoyed by the resident creditor. It is true that the contingency has not yet occurred in the insolvency proceedings referred to, which, under the state law, would operate a dissolution of all attachments against the alleged insolvent issued out of the state courts, and which, under the express terms of section 933 of the Revised Statutes, would operate to dissolve the attachment issued out of this court; and such contingency may not occur, in which event the plaintiff herein would of course be allowed to proceed to judgment, for the satisfaction of which the property attached would be liable. But by the state law the attachment to which the resident creditors are entitled is subject to be, and as to this defendant has been, stayed by the insolvency court pending the insolvency proceedings; and unless a stay of proceedings in this case is granted by this court the plaintiff may, and doubtless will, take judgment against defendant, the manifest effect of which will be to give to the non-resident creditor a remedy by attachment for the enforcement of his demand against the defendant, which is not enjoyed by the resident creditors of defendant. And this, in my opinion, is contrary to the intent and meaning of the provisions of the Revised Statutes on the subject. It is ordered that all proceedings in the cause be stayed until the further order of this court.